█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD BODIE, Appellant.— HERLIHY, J. The defendant appeals from a judgment of conviction, following a jury trial, of violation of subdivision 1 of section 1751 of the Penal Law. On a former appeal (see 22 A D 2d 978) we reversed because of the court's refusal to charge subd. 1, section 1751-a, of the Penal Law and directed upon retrial that the rule as enunciated in *Jackson* v. *Denno* (378 U. S. 368) (see, also, *People* v. *Huntley*, 15 N Y 2d 72) should be applied. The defendant on this appeal again questions the admissibility of the " statement " and contends *inter alia* that the summation of the District Attorney was prejudicial. With reference to the admissibility of the statement, prior to the trial by jury the court, in compliance with the rule in the *Huntley* case, conducted a hearing in which witnesses for both parties (including the defendant) appeared and testified. At the conclusion thereof, the court made the following finding of fact: " The court finds from the evidence beyond a reasonable doubt that the alleged statement was not made under the influence of fear produced by threats or by physical or mental coercion. As a conclusion of law the Court determines that the said statement of alleged confession can be properly offered in evidence in the trial of the issues and that said statement was a voluntary one and voluntarily made by the defendant." Thereafter at the trial when the statement was offered in evidence, defendant's counsel preliminarily examined the police officers, together with various reports, after which the court admitted the statement in evidence. The court in its main charge stated in considerable detail the various matters which the jury should consider in determining the factual issue as to whether the statement was voluntary

or otherwise and in our opinion, the admission of the statement was in compliance with the *Huntley* rule and presents no grounds for reversal. The record further shows, without dispute, that the police officer on two occasions, after informing the defendant that he was under arrest, asked him if he wished the aid of counsel, and that defendant replied in the negative. The Assistant District Attorney in his summation stated: " You got to consider facts, consider each witness as they took the stand, their demeanor, consider their answers, consider the evidence, the narcotic, the statement, this is what you got to consider. It's here before you in this courtroom big as life. Did the defendant deny it? * * * Did you hear anything to reject it? " While such a statement, if taken literally, violates the fundamentals of the criminal law, we are of the opinion that the prompt and complete instructions given to the jury by the court negated any possible prejudice. When the Assistant District Attorney made the statement, counsel for the defendant moved for a mistrial and the court took a recess and discussed the problem with the respective attorneys. It became apparent, as shown by the record, that the Assistant District Attorney was not familiar with the application of the rule of law. Upon reconvening, in the presence of the jury, the court, after referring to the remark by the Assistant District Attorney, outlined in detail the rights of the defendant and the presumption of innocence. Again, in the main charge, the court outlined the meaning of a " not guilty " plea and the resulting benefits and protection afforded the defendant thereby. The test of what constitutes prejudice in a criminal case is decided by the facts on which the claim is charged and on the present record we conclude that the rights of the defendant were not so prejudiced as to require another trial (*People* v. *Broady,* 5 N Y 2d 500, 515, 516; *People* v. *Halio,* 13 N Y 2d 1073). This conclusion is not to be considered as in any way condoning the remarks of the Assistant District Attorney. As to the other claimed errors raised by the defendant, we find that they are of no serious significance. Judgment affirmed. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.